UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBIN NABORS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| VS. | ) |
| | ) 3:17-CV-0790-G |
| AMERICAN RELIABLE INSURANCE | ) |
| COMPANY, ET AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is the defendants' motion to abate proceedings and compel appraisal (docket entry 12). For the reasons stated below, the defendants' motion is granted.

### I. BACKGROUND

This is a dispute over an insurance policy[1] issued to the plaintiff, Robin Nabors ("Nabors"), by the defendant, American Reliable Insurance Company

---

[1] The policy is a Farmers and Ranchers Policy, Policy No. FRP072720, with a policy period of December 21, 2014 to December 21, 2015. Original Petition at 2-3.

("American"), covering water damage to Nabors's home.  *See* Plaintiff's Original Petition ("Original Petition") at 2-3 (docket entry 1-1).  After an April 2015 hail storm damaged Nabors's home, American assigned the defendant, Scott Monell ("Monell"), to adjust Nabors's claim and inspect the damage.  *Id.* at 3.  The defendants have not yet paid Nabors under the policy.  *Id.*

On March 6, 2017, Nabors commenced this action in the 40th Judicial District Court of Ellis County, Texas.  Defendants' Notice of Removal ("Notice") at 1 (docket entry 1); Original Petition at 1.  Nabors seeks a declaratory judgment regarding the scope of the policy's coverage as well as damages for breach of contract and violations of the Texas Insurance Code against American.  Original Petition at 3-4.  Nabors seeks relief for violations of the Texas Insurance Code against Monell.  *Id.* at 5.  On March 20, 2017, the defendants removed the case to federal court based on diversity jurisdiction.  Notice at 2.  On April 12, 2017, the defendants filed the instant motion to abate proceedings and compel appraisal.  Defendants' Motion to Abate ("Motion") (docket entry 12).  On May 3, 2017, Nabors filed a timely response.  Plaintiff's Response in Opposition to Defendants' Motion to Abate (docket entry 19); Plaintiff's Brief in Support of Its Response in Opposition to Defendants' Motion to Abate ("Plaintiff's Brief") (docket entry 18).  On May 12, 2017, the defendants filed a timely reply.  Defendants' Reply in Support of Their Motion to Abate ("Reply") (docket entry 20).  The motion is now ripe for decision.

## II. ANALYSIS

### A. Jurisdiction: Whether Monell Is Improperly Joined

#### 1. *Legal Standard*

The court may *sua sponte* raise the issue of its jurisdiction at any time during the course of litigation. *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999) ("Federal courts must be assured of their subject matter jurisdiction at all times and may question it *sua sponte* at any stage of judicial proceedings") (emphasis added).

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The

party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332. Here, the removing defendants have alleged only diversity of citizenship as a basis for this court's jurisdiction.[2] *See* Notice at 2. The court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met: (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a).

However, as the defendants contend, even if a defendant has the same citizenship as the plaintiff, a federal court can still exercise removal jurisdiction over an action if the court finds that the plaintiff improperly joined the non-diverse defendant. A defendant can satisfy the requirements for improper joinder by demonstrating that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for

---

[2] Nabors is a citizen of Texas, American is a citizen of Arizona, and Monell is a citizen of Texas. Notice at 2.

the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005). To determine whether Nabors is unable to establish a cause of action against the non-diverse defendant, Monell, the court should conduct a Rule 12(b)(6)-type analysis. *Id.* "[T]he Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)." *International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (emphasis in original).

2. *Application*

The defendants contend that Monell is improperly joined because there is no possibility that Nabors can recover from Monell under the Texas Insurance Code. Notice at 4. First, the defendants contend that Nabors failed to plead an injury independent from the denial of policy benefits. *Id.* (citing *Mital Hospital, Inc. v. Evanston Insurance Company*, No. 4:16-CV-0893-A, 2016 WL 7165976, at *4 (N.D. Tex. Dec. 6, 2016) (McBryde, J.)). The defendants further contend that Nabors's claims under § 541.060(a)(2)(A) and § 541.060(a)(7) of the Texas Insurance Code fail because Monell has no authority to settle Nabors's claim under the policy. *Id.* at 4-5. Lastly, the defendants contend that Nabors's allegations are conclusory and

insufficient to state a claim.  *Id.*  The court addresses each of the defendants'

contentions below.

As to the defendants' first argument, the court concludes that Nabors has

failed to plead any form of an independent injury.  See *Admiral Insurance Company v.*

*Petron Energy, Inc.*, 1 F. Supp. 3d 501, 503 (N.D. Tex. 2014) (Lynn, J.) ("These claims

also require a showing of independent injury--*i.e.,* an insured can only recover for

§ 541.060 violations if the insurer's complained of actions caused injury independent

of a wrongful denial of policy benefits."); *Mital Hospital, Inc.*, 2016 WL 7165976, at

*4; see also *Cardona v. ASI Lloyds*, No. 3:14-CV-3736-G, 2015 WL 93470, at *4-5

(N.D. Tex. Jan. 6, 2015) (Fish, J.) (discussing independent injury); *Johnson v. Safeco*

*Insurance Company of Indiana*, No. 3:15-CV-1939-B, 2017 WL 879211, at *9 (N.D.

Tex. Mar. 6, 2017) (Boyle, J.) (same).  Therefore, Nabors's claims against Monell on

this ground fail.

As to the defendants' second argument, Texas law recognizes suits against

insurance adjusters in their individual capacities under § 541.060(a)(2)(A) and

§ 541.060(a)(7) of the Texas Insurance Code.  See *Petree v. Metropolitan Lloyds*

*Insurance Company of Texas*, No. 3:16-CV-0735-G, 2016 WL 3090592, at *3 (N.D.

Tex. June 2, 2016) (Fish, J.), *reconsideration denied*, No. 3:16-CV-0735-G, 2016 WL

4179372 (N.D. Tex. Aug. 8, 2016); *Arlington Heights Memorial Post No. 8234 Veterans*

*of Foreign Wars of the United States, Fort Worth, Texas v. Covington Specialty Insurance*

*Company*, No. 3:16-CV-3112-B, 2017 WL 1929124, at *3-4 (N.D. Tex. May 10, 2017) (Boyle, J.) ("As discussed above, this Court has previously found that § 541.060(a)(2)(A) can reasonably be applied to individual adjustors."); *Exchange Services, Inc. v. Seneca Insurance Co.*, No. 3:15-CV-1873-M, 2015 WL 6163383, at *4 (N.D. Tex. Oct. 16, 2015) (Lynn, J.) (noting that courts have upheld claims against an insurance adjuster brought under various subsections of § 541.060, including § 541.060(a)(7)). Thus, Nabors is not precluded as a matter of law from asserting claims against Monell under § 541.060(a)(2)(A) or § 541.060 (a)(7).

Lastly, the court concludes that Nabors's claims against Monell consists of mere conclusory allegations that track the statutory language of the Texas Insurance Code. *See* Original Petition at 2-3, 5; *Mital Hospitality, Inc.*, 2016 WL 7165976, at *3 ("[P]laintiff has done nothing more than make conclusory allegations without any plausible facts to support them."). It is well established that allegations such as these are insufficient to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted). Rather, Nabors must plead sufficient factual content that allows the court to draw a reasonable inference that Monell is liable for the misconduct alleged. *Id.*; compare *Petree v. Metropolitan Lloyds Insurance Company of Texas*, 2016 WL 3090592, at *3-4 with *Petree v. Metropolitan Lloyds Insurance Company of Texas*, No. 3:16-CV-0735-G, 2016 WL

4211764, at *2 (N.D. Tex. Aug. 9, 2016) (Fish, J.). Accordingly, Nabors's claims against Monell are dismissed.

B. Motion to Abate Proceedings and Compel Appraisal

The defendants contend that the lawsuit should be abated until the completion of appraisal because completing an appraisal is a condition precedent to Nabors's lawsuit. *See* Motion at 3. Under Texas law, an insured's failure to comply with a condition precedent constitutes grounds for abating the suit. See *State Farm General Insurance Company v. Lawlis*, 773 S.W.2d 948, 949 (Tex. App.--Beaumont, 1989, no writ); see also *Woodward v. Liberty Mutual Insurance Company*, No. CIVA 3:09-CV-0228-G, 2010 WL 1186323, at *4, *6 (N.D. Tex. Mar. 26, 2010) (Fish, J.) (abating the lawsuit until the completion of the appraisal).

Here, it is clear that a condition precedent to the instant lawsuit is completing an appraisal. The policy states, "You can sue us . . . only if . . . . You have complied with all the terms of this policy." *See* Motion at 2. The policy requires appraisal if Nabors and American cannot agree on the amount of a loss. *Id.* at 1 ("If you and we fail to agree on the amount of loss, either one can ask that the amount of loss be set by appraisal."). The parties do not appear to dispute that the appraisal process was requested and has not been completed. *See* Motion at 2; Plaintiff's Brief at 3. Therefore, because Nabors has not yet met a condition precedent prior to suing American, the defendants' motion to compel appraisal and abate proceedings is

- 8 -

granted.³ *State Farm General Insurance Company*, 773 S.W.2d at 949 ("The insurer's proper remedy to enforce the condition precedent is abatement rather than bar.").

III. CONCLUSION

For the reasons stated above, the defendants' motion is **GRANTED**. This action is **STAYED** until the appraisal process is completed or reasonably should have been completed. No later than **June 28, 2017**, the parties shall notify the court in writing as to completion of the appraisal process or show good cause why the appraisal process has not been completed.

Moreover, Nabors shall have leave to amend her complaint to cure the pleading defects described above, if she can, provided that Nabors's amended complaint is filed and served no later than **June 28, 2017**.

**SO ORDERED**.

June 7, 2017.

_____
**A. JOE FISH**
**Senior United States District Judge**

---

³ The court shares Nabors's concern about avoiding unnecessary delays in this matter. *See* Plaintiff's Brief at 3-4. Accordingly, the parties are instructed to promptly resume the appraisal process and complete it at the earliest possible time.